IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3121 |
| vs. | ORDER |
| TRAVIS LAWRENCE FERGUSON, | |
| Defendant. | |

This matter is before the Court on the defendant's motion in limine and request for notice pursuant to Fed. R. Evid. 404(b). Filing 62. The defendant seeks to exclude evidence regarding a controlled buy of methamphetamine involving the defendant, which occurred prior to the conspiracy charged in the information. The defendant argues that this event is "prior to the statute of limitations" alleged in the information, and "its probative value is substantially outweighed by the danger of unfair prejudice and potential for confusing the issues." Filing 63 at 2.

The Court disagrees that this is a statute of limitations issue. This is a Fed. R. Evid. 404(b), other crimes, wrong, or acts issue. Rule 404(b) both prohibits, and permits the use of evidence regarding other crimes, wrongs or acts. Prohibited is evidence of prior acts to prove a defendant's character, and that the person acted in accordance with that character. Rule 404(b)(1). Permitted is use of such evidence for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *Id*.

Rule 404(b) is a rule of inclusion. Evidence of prior bad acts is admissible if offered for a certain limited purpose, and (1) is relevant to a material issue, (2) is similar and close in time to the crime charged, (3) is proven by a

preponderance of the evidence, and (4) does not have a prejudicial effect that substantially outweighs its probative value. *United States v. Jackson*, 856 F.3d 1187, 1191 (8th Cir. 2017). Further, in a criminal case, the government must provide reasonable notice of the evidence to be adduce at trial so that the defendant has a fair opportunity to meet it. The government must also articulate the permitted purpose for the evidence and the reasoning supporting the purpose, and do so in writing before trial. Fed. R. Evid. 404(b)(3).

Here, the prior conduct the defendant wants excluded occurred October 22, 2014. Filing 63 at 2. The information alleges that the charged conspiracy commenced on or about January 1, 2015. The Court finds that an interval of less than three months between the prior act and the commencement of the alleged conspiracy is certainly not too remote. The defendant's sale of methamphetamine to an undercover officer is quite similar to the conduct in the charged conspiracy, and material to the defendant's mental state regarding his participation in the conspiracy. The evidence the government intends to adduce will come, at least in part, from the undercover officer involved in the controlled buy. The defendant acknowledges that he was informed of the evidence by way of a report produced in discovery. Filing 63 at 2. The government has articulated its intended permitted purpose for the evidence— proof of the defendant's intent, state of mind, and knowledge—and the reasoning supporting the disclosed permitted purpose. Filing 67 at 3.

Evidence of the defendant selling methamphetamine to an undercover officer less than three months before the start of the alleged conspiracy is no doubt prejudicial, but that is not the standard. Here, the probative value of evidence of the defendant's prior conduct is not substantially outweighed by a danger of *unfair* prejudice, confusing the issues, or misleading the jury. Fed.

R. Evid. 403. Further, any such evidence that the government does adduce will be subject to a limiting instruction from the Court.

    IT IS ORDERED that the defendant's motion in limine (filing 62) is denied.

    Dated this 1st day of October, 2020.

                                 BY THE COURT:

                                 John M. Gerrard
                                 Chief United States District Judge