IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>TRAVIS LAWRENCE FERGUSON,<br><br>　　　　　　Defendant. | 4:19-CR-3121<br><br>TENTATIVE FINDINGS |

　　　　The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report (filing 102) and moves for a downward departure or variance (filing 101).

　　　　IT IS ORDERED:

1.　　The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

　　(a)　　give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

　　(b)　　resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant has objected to the presentence report. Filing 102. Primarily, the defendant objects to the drug quantity calculation, arguing that the witnesses upon whose statements the calculation is based are not credible. Filing 102 at 2-5. The government bears the burden of proving the applicability of an enhancement to the offense level. *United States v. Shelabarger*, 770 F.3d 714, 717-18 (8th Cir. 2014). And in cases where the sentencing judge also presided over the trial, an evidentiary hearing is not necessary to resolve factual objections; the Court may base its findings of fact on the trial record. *United States v. Ortega*, 150 F.3d 937, 945 (8th Cir. 1998). Here, the Court presided over

four days of trial and is quite familiar with the facts of the case and evidence presented.[1]

The defendant also objects to the presentence report's failure to find that he was a minimal participant in the conspiracy. U.S.S.G. § 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." *Id.*, cmt. n.3(A). The defendant bears the burden of proving that he is entitled to a mitigating role adjustment. *United States v. Salazar-Aleman*, 741 F.3d 878, 880 (8th Cir. 2013). Specifically, it is the defendant's burden to establish both that he is a "minor participant by comparison with other participants *and* by comparison with the offense for which he or she is accountable." *Ramirez-Maldonado*, 928 F.3d at 708. The Court will resolve that objection at sentencing based on the trial record; the Court does not encourage any additional evidence at the sentencing hearing.

The defendant has moved for a downward departure pursuant to U.S.S.G. § 4A1.3(b)(1), arguing that his criminal history category substantially over-represents the seriousness of his criminal history or

---

[1] The presentence report holds the defendant accountable for over 8 kilograms of converted drug weight based on methamphetamine mix and heroin, but the jury found less than 50 grams of methamphetamine mix and no heroin. Filing 93. The Court is aware of its authority to impose a sentence based on a drug quantity determination greater than that found by the jury so long as the sentence does not exceed the statutory maximum of the convicted offense. *United States v. Ramirez-Maldonado*, 928 F.3d 702, 708 (8th Cir.), *cert. denied sub nom. Llamas-Delgado v. United States*, 140 S. Ct. 425 (2019). As the government is aware, however, once there has been a full presentation of the evidence and the jury has made its decision, it is a significantly uphill climb to persuade this Court to exercise that authority.

the likelihood that he will commit other crimes. Filing 101 at 1-2. A defendant bears the burden of proving the appropriateness of a downward departure. *United States v. Cantu*, 12 F.3d 1506, 1511 (9th Cir. 1993). The defendant has also moved for a downward variance based on his personal circumstances and the circumstances of the offense. Filing 101 at 2-4. Both motions will be resolved at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 18th day of December, 2020.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Chief United States District Judge